The COMMITTEE ON PROFESSIONAL ETHICS and CONDUCT of the IOWA STATE BAR ASSOCIATION, Complainant,

v.

J. Patrick RYAN, Respondent.

No. 83–902.

Supreme Court of Iowa.

Dec. 21, 1983.

George H. Capps, Frank Comito, and Hedo M. Zacherle, Des Moines, for complainant.

J. Patrick Ryan, pro se.

HARRIS, Justice.

The grievance commission recommended revocation of respondent's license to practice law on the basis of a number of ethical violations. Upon review we agree and order revocation of the license.

There is no dispute about the underlying facts. J. Patrick Ryan has practiced law in Sioux City since 1968, first as assistant city attorney, then with a law firm, and, most recently, as a sole practitioner. He demonstrated a talent for attracting clients but a proclivity for not performing services.

There were fourteen counts in the complaint, the first two of which set the pattern. In 1979 Ryan was retained to bring suit for injuries and damages suffered by a husband and wife in an automobile accident. He accepted employment on a contingent fee basis, although no contract was signed. Ryan later told the clients the case was filed and specially assigned to Judge Kelley. A copy of a petition and original notice was given to them. After they were told the matter had been continued several times, the clients were called to the Woodbury county courthouse, supposedly to select a jury. After sitting outside the courtroom for a considerable time Ryan told them the case was not reached.

The clients checked the judge's bulletin board and with the court administrator but never found the case listed. They finally checked with the local clerk of court only to find the petition had not been filed. They then consulted an attorney in Nebraska who had referred them to Ryan's law firm. At a meeting at the Nebraska attorney's office Ryan requested additional time to research the possibility of filing the suit in Nebraska. By this time the statute of limitations had expired in Iowa. Nothing further was heard from Ryan until the clients picked up the file.

The second count involved a contractor who retained Ryan in 1978 concerning defective lumber he had purchased and used in a home he built. Ryan also informed this client he had filed suit. Eventually Ryan told the client the case had been tried and he had received an award of $25,000, even though the client was never in court. Over the next four years Ryan first told the client the case was being appealed and that the money was sent to an attorney in Nebraska who was handling the matter for the insurance company. Later he told the client Judge Kelley would subpoena the papers from the Nebraska attorney, still later that Judge Kelley had the papers but was unavailable, and finally, that the settlement papers were back in the Nebraska attorney's hands. In frustration the client called the Nebraska attorney, who knew nothing of the matter. Actually the suit was never filed. The client then hired another law firm but the statute of limitations had run on the case.

Other counts were established by request for admissions in the proceedings before the commission. They follow the same pattern.

Ryan did not dispute the facts but testified he received treatment for alcoholism in 1977. He thereafter did not drink, according to his testimony, except for one drink

on four or five occasions. Nevertheless he voluntarily submitted himself for further treatment in October 1982. This was after his law firm began receiving complaints about his work. It is his contention that, although he no longer drank, he had the emotional makeup of an alcoholic. He believes his reaction, as a recovering alcoholic, to the pressures of work and home led him to his dishonest conduct. Over the years he accepted more work than he could properly handle, took no vacations, and was overcome by his responsibility. He believes that with the treatment he has taken and with his enlarged understanding he can attend his professional duties. He expressed deep regret for the problems he has caused his clients, his former firm, and the profession.

Ryan's position is that he has now gained control over his personal problems and can now conduct his affairs with the honesty and integrity demanded of the profession. If his interests alone were involved it might be possible to act on such a hope. We, however, cannot expose the public to such a risk. This record will not justify a prediction that Ryan's treatment will make him more honest.

Ryan's conduct was fraudulent and deceitful, a violation of Iowa Code of Professional Responsibility for Lawyers DR 1–102(A)(4). His conduct reflected adversely on his fitness to practice law, a violation of DR 1–102(A)(6). We are not persuaded that Ryan's problems with alcohol are an explanation of his misconduct. Alcoholism, however tragic, does not justify dishonesty.

LICENSE REVOKED.

All Justices concur except WOLLE, J., who takes no part.